THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JENIFER PRINZ, <br><br> Plaintiff, <br><br> v. <br><br> MERCHANTS AND PROFESSIONAL BUREAU, INC. <br><br><br><br> Defendant. | **COMPLAINT** <br><br> Case No.: 6:21-cv-171 <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Jenifer Prinz, by and through the undersigned counsel, and for her Complaint against Defendant, Merchants and Professional Bureau, Inc. ("MPB") for violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and for violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), states as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Tyler, a part of Smith County, Texas, 75707.

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Tyler, a part of Smith County, Texas 75707, making Tyler a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant, a Texas corporation headquartered in Austin, Texas practices as a debt collector throughout the country, including Texas.

8. Defendant attempts to collect alleged debts throughout the state of Texas, including in Tyler city and Smith county.

9. Defendant has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Tyler city and Smith county and Defendant attempts to collect alleged debts throughout the state of Texas.

11. As Defendant knowingly attempted to collect on a debt allegedly incurred in Tyler, Texas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

12. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

13. MPB's collection activities violated the FDCPA.

14. Defendant's credit reporting and/or failure to properly dispute information violated the FCRA.

15. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and

articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

16. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

17. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

**PARTIES**

18. Plaintiff, Jenifer Prinz (hereafter "Plaintiff"), is a natural person currently residing in the state of Texas.

19. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

20. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

21. Defendant MPB is a Texas company engaged in the business of collecting debts, using mails and telephone, in this state with its mailing address at 2312 Western Trails Blvd., Suite B2020, Austin, Texas 78745.

22. MPB is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

23. MPB regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

24. Defendant MPB is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

25. Trans Union, LLC is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Trans Union, LLC regularly engages in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

> a. Public record information;
>
> b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## FACTUAL ALLEGATIONS

26. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than MPB.

27. Upon information and belief, on a date better known by MBP, MBP began to attempt to collect an alleged consumer debt from the Plaintiff.

28. The alleged debt was said to be owed for a medical bill and therefore would only have been used for personal or family purposes.

29. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

30. The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

31. On or about February 2020, Plaintiff informed Defendant that she disputed the alleged debt.

32. Once Plaintiff disputed the debt, Defendant was required to mark the account as disputed if it chose to voluntarily report to the Credit Reporting Agencies, specifically Trans Union, LLC.

33. MPB was voluntarily reporting a collection account on Plaintiff's credit report with the credit reporting agencies.

34. MPB's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

35. On or about May 2020, Plaintiff received an updated credit file from Trans Union, LLC. **Exhibit A.**

36. That the credit report was updated on May 3, 2020 by MPB.

37. That the updated May 2020 credit report did not contain updated account information.

38. That the updated May 2020 credit report did not contain updated marked as disputed information.

39. That MPB furnished information to Trans Union, LLC regarding Plaintiff's account without notifying them the account had been disputed by consumer.

40. That MBP failed to update the account information and mark the account as disputed on the updated May 2020 credit report after Plaintiff disputed the account in February 2020.

41. Upon information and belief, that MBP never updated the account information and never marked it as disputed even after receiving information of the dispute.

42. All of MPB's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

43. All of MPB's actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

44. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the MPB.

45. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by MPB.

46. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by MPB.

47. Plaintiff has suffered actual harm based on her costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

48. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of MPB.

49. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

**Count I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions**

50. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

51. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52. Because Plaintiff disputed the debt, MPB, when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See <u>Dixon v. RJM Acquisitions, L.L.C.</u>, 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine

fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

53. MPB used deceptive and misleading tactics when it communicated personal credit information which was known or which should have been known to be false, including the failure to communicate the debt was disputed in violation of 15 U.S.C. §§ 1692e, 1692e(8). See Sayles v. Advanced Recovery Systems, Incorporated, 865 F.3d 246, 249 (5th Cir. 2017); Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors to communicate the disputed status of a debt if the debt collector knows or should know that the debt is disputed. This standard requires no notification by the consumer but depends on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

54. MPB's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

55. MPB violated the Plaintiff's right not to be the target of misleading debt collection communications.

56. MPB violated the Plaintiff's right to a truthful and fair debt collection process.

57. MPB's communications with Plaintiff were deceptive and misleading.

58. MPB used unfair and unconscionable means to attempt to collect the alleged debt.

59. MBP's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to MPB's collection efforts.

60. MPB's failure to mark a debt as disputed it knows or should know is disputed violates § 1692e, 1692e(8) of the FDCPA.

61. MPB's conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and attorneys' fees paid for advice regarding her situation.

62. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

63. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of MPB's conduct.

64. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. MPB's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

65. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

66. Defendant MPB's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jenifer Prinz, prays that this Court:

A. Declare that MPB's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Jenifer Prinz, and against MPB, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

## Count II: Violation Of 15 U.S.C. § 1681s-2(B)(1) of the FCRA- Duties of Furnishers of Information upon Notice of Dispute

67. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

68. Defendant MPB violated 15 U.S.C. § 1681s-2(b)(1)(C) in that they failed to report the notation of the disputed information to the consumer reporting agencies.

69. Defendant MPB violated 15 U.S.C. § 1681s-2(b)(1)(D) in that it failed to report to Trans Union, LLC that the information was being disputed.

70. Defendant MPB violated 15 U.S.C. § 1681s-2(b)(1)(E) in that they failed to appropriately modify, delete, or permanently block the reporting of the item information.

71. Defendant MPB caused injury in fact, by causing, credit denials caused by false credit reporting, damage to credit reputation, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

72. Defendant MPB has done so willfully, or in the alternative, negligently.

73. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs pursuant 15 U.S.C. § 1681n for MPB's willful violation.

74. Alternatively, Plaintiff is entitled to actual damages, attorney's fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o for MPB's negligent violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Jenifer Prinz, prays that this Court:

    A.    Declare that MPB credit reporting actions violate the FCRA;

    B.    Enter judgment in favor of Plaintiff Jenifer Prinz, and against MPB, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA; and

    C.    Grant other such further relief as deemed just and proper.

## **JURY DEMAND**

75. Plaintiff demands a trial by jury on all Counts so triable.

Dated: April 30, 2021

Respectfully Submitted,

**HALVORSEN KLOTE**

By:  /s/ Samantha J. Orlowski

Samantha J. Orlowski, #72058
Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
joel@hklawstl.com
*Attorney for Plaintiff*

10